FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

Name: Miguel Angel Piña Barrientos

2008 JAN -3 A 9:25

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Prison Number: 295143

Place of Confinement: Kilby C/F

United States District Court **Middle** District of **Alabama**

Case No. **2:08 cv 09-WKW**
(To be supplied by Clerk of U. S. District Court)

**Miguel Angel Piña Barrientos**, PETITIONER
(Full name) (Include name under which you were convicted)

**Warden, Holt**, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF **Troy King**

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS---READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we cannot accept them.

6. Kind of trial: (Check one)
   (a) Jury ( )
   (b) Judge only (✓)

7. Did you testify at the trial? Yes ( )  No (✓)

8. Did you appeal from the judgment of conviction? Yes (✓)  No ( )

9. If you did appeal, answer the following:
   (a) Name of court __Mobile Co. Circuit Court__
   (b) Result __Denied__
   (c) Date of result __Feb 2006__
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: __Alabama Criminal Court of Appeals It was affirmed.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (✓)  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court __Mobile Circuit Court__
       (2) Nature of proceeding __Rule 32. Post Conviction__
       (3) Grounds raised __Ineffective Assistance of Council And Jurisdictional issues, unverified Complaint/Warrant.__

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
       (5) Result __N/A__
       (6) Date of result __N/A__
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court __N/A__
       (2) Nature of proceeding __N/A__

       (3) Grounds raised __N/A__

       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
       (5) Result __N/A__
       (6) Date of result __N/A__

(c) As to any third petition, application or motion, give the same information:
  (1) Name of court ___N/A___
  (2) Nature of proceeding ___N/A___
  (3) Grounds raised ___N/A___

  (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )  No (✓)
  (5) Result ___N/A___
  (6) Date of result ___N/A___
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.        Yes (✓) No ( )
  (2) Second petition, etc.   Yes ( )  No ( )
  (3) Third petition, etc.     Yes ( )  No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: ___N/A___

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

✗ (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
✗ (b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
✗ (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
✗ (i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary with understanding of the nature of the charge and the consequences of the plea_

Supporting FACTS (tell your story briefly without citing cases or law): _they told me that if i confess that the drugs were my, they would realese my wife and my vehicle and personal property, and because if they searched my truck and found nothing, searched the Motel room we had and found nothing they brought dogs and it did not even smell anything in the vehicle. the person that made the deal to the undercover agent was in his vehicle and the drugs where in there possesion and in his home. they told me she (wife) would loose her job as a teacher and that they would make hard for me come and that they would push for the maximum if i did not take the deal. and we would both be in jail._

B. Ground two: _Conviction obtained by use of coerced confession._

Supporting FACTS (tell your story briefly without citing cases or law): _I was told that if i claimed and excepted the charge she (wife) would go free and that they would not press charges later. his words (agent) were 'no one would know she was here.'_

C. Ground three: Conviction obtained by use of evidence obtained pursuant to an unlawfull arrestt, when the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim

Supporting FACTS (tell your story briefly without citing cases or law): They searched the motel room and the vehicle and us and found nothing and they brought a drug dog and it found nothing. They were found in the possesion of the person who sold them to the agent and in his apartment.

D. Ground four: Denial of effective assistance counsel.

Supporting FACTS (tell your story briefly without citing cases or law): Mr. Hanley failed to investigate the case and he failed to prepare a proper defense and also faile to reseach laws that releif could be given. failure to communi- communidate, failed to contact Mexicancousel. failed to provide a interpeter (spanish speaking) failed to explaine any rights i might have in a manner i could understand. I requested my lawyer to contact my the Mexican counsel and failed to do so. And also failed to spend time in counsel with me for the 14 months i was on bond i saw him 4 times about 15-30 minutes each. If in fact he was a lawyer with 30 yrs experiace on drug cases, i was not represented correctly. and my love ones are the ones to pay the price. In my record is no drug convictions or cases that would imply i was a drug dealer. I thank you for your help in this matter above all my family thanks you.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   Neil Hanley

(b) At arraignment and plea   Mr. Brutkiewiez

(c) At trial _____

(d) At sentencing  Neil Hanley _____

(e) On appeal  Pro-se _____

(f) In any post-conviction proceeding   Pro-se _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
    Pro-se _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ( )  No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( )  No (✓)
    (a) If so, give name and location of court which imposed sentence to be served in the future:  N/A
    (b) And give date and length of sentence to be served in the future:  N/A
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ( )  No (✓)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on  12/17-2007 .
                                                    (date)

_____
Signature of Petitioner

In The United States District Court For The Middle District of Alabama

Miguel Angel Piña Barrientos, Petitioner,
State of Alabama, Warden Holt et.al.
Respondent,

Case #: CC-05-3007
Request for Evidentiary Hearing;

Motion To Proceed as "Next of Friend" and advocate for, Miguel Angel Piña Barrientos, an illegal Mexican citizen, inmate, and Pro-Se Petitioner and Brief in support of,

Petition For Writ of Habeas Corpus, pursuant 28 U.S.C. 2254

Comes now the Petitioner (Miguel Angel Piña Barrientos) before this Court through "next of friend" and moves the Court for Writ of Habeas Corpus. Relief is sought due to unlawful incarceration. The Petitioner is actually innocent of the offense for which convicted and sentenced. Extreme "Bias" and a "prejudicial court" attach as a result of "illegal alien status". The Mobile County Alabama Circuit Court "forced" an unlawful conviction and sentence upon an individual incapable of understanding his rights.

The facts follow;

## Case History

(A) Petitioner was arrested on 12-21-2004 and indicted on 8-26-2005 for "Trafficking in Marijuana", 13A-12-231-(1) Code of Alabama (1975) amount in excess of 2.2 lbs. — less than 100 lbs.

(B) Petitioner had no interpreter, contact with consulant general, or otherwise contact with any agency from his Mexican homeland or authorities.

(C) Petitioner is innocent of the offense and was threatened, intimidated and coerced into pleading guilty. The lack of knowledge and understanding concerning knowingly, voluntarily, and intelligently pleading, prohibits this conviction.

-1-

## - Petitioner lacks knowledge of U.S.C. Rights and U.S. laws -

The Petitioner lacks knowledge to enter an intelligent plea and a voluntary, knowingly plea to conform with Rule #14.4 A.R.C.P. There exist a culture difference and a severe language barrier in that, Petitioner is a Mexican citizen, educated in Mexico and limited in the English language.

(1) The understanding of English is limited.
(2) The understanding of Constitutional Rights is also limited.
(3) The comprehension of U.S. law is void.
(4) The ability to manufacture a competent defense with defense attorney was non-existent pursuant 6th Amend. guarrantes.

The State of Alabama, Mobile County, failed to advise Petitioner of his rights under "INS", reguarding deportation and contacting representitives.

(1) Petitioner was in this country illegally with his wife, picking up a paycheck and is guilty only of "illegal entry". Alabama Police authorities forced a confession of ownership of drugs upon Petitioner to solve a crime that was in progress. In fact Petitioner and wife were victims of an over zealous police department and prosecutor.

(2) Petitioner was advised not to ask questions and to answer yes when prompted. Petitioner was informed that if he refused to claim ownership of the drugs, that his wife would be continued to be held, prosecuted and sent to prison also. Petitioner's wife was also innocent and was informed that she would lose her job as a school teacher if convicted with her husband. The deal pressed by the Police and prosecutor was her release in exchange for this conviction.

## The Plea was involuntary, pursuant Rule 14.4 A.R.C.P.

A) Petitioner was not informed in a manner he could comprehend the Constitutional Rights he would be relinquishing by pleading guilty. Also, the Petitioner was not informed that an illegal alien had legal rights in Alabama and Mobile County.

The state failed to determine that the plea was voluntary and not a result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court as provided in A.R.C.P. 14.3 (b). Having had rights read in English did not fulfill requirements of law reguarding "colloquy" of the trial judge, as the court was required to ascertain on each item of Rule 14.4 that the Judge knew the Petitioner understood said rights of Rule 14.4(a)(1) and (2). The requisites of Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 2d. 274, 89 S.Ct 1709 (1969) were not met, quoting; "A guilty plea is only properly accepted upon satisfaction of the requisites of Boykin", including, the trial judge's determination that the guilty plea was knowingly and voluntarily entered by the accused." The court could only have read rights and not ascertained understanding as language prevented the facts from being comprehended by Petitioner. The Petitioner has since learned what English necessary to constitute "comprehension" in prison, and knows that rights are afforded him in the higher Court, thus this Petitioner is brought with help through "next of friend" and life-long citizen of U.S.A. (Ronnie H. Waldrep #215713)

The following is affidavit of Miguel Angel Piña Barrientos translated in English. On the night of December 21, 2004 these events took place.

-3-

(#1 Page 2)

Affidavit of Miguel Angel Pina Barrientos

On the night of the 21st of December, my wife and I drove to Mobile to pickup a check from "LVI environmental services" owed me for previous work from hurricane relief clean-up. Also, to collect $200.00 from a friend that was owed me from a loan of weeks before, (Brandon Cooper) So I called him and I ask him if he had my money and he said he would have it later on. Since we arrived late in Mobile we had to wait because the company office was closed, so we rented a Motel. At Motel 6, while waiting for the key, at the window a black male approached me and asked if I wanted to buy ecstasy. I said "No" and he assumed (since I was Hispanic) that I had drugs. We went to our room and stayed there and Brandon called me and said he had my money. He asked me where I was at, I told him I was at the Motel 6, he came over paid me and talked to that same black male. He asked me if I knew him, I said No. They started talking about drugs, I went back to the room and told my wife to pack we were going to leave. Then we turned in the key and we left. We got in the vehicle and I saw Brandon's truck, so I thought I'd tell him I was leaving as I told my wife the same. When I went over to the truck he was talking to another black male, when I looked inside his truck he was giving Brandon money. Brandon gave him a backpack. I walked off and turned around, police came out from everywhere. They handcuffed us, they searched our vehicle, they searched us (my wife and I), and the room we stayed in. They found nothing! and they brought in a "drug dog", the dog found nothing also! They started questioning me and my wife. They saw she was terrified, also crying, so they started telling me to say the drugs were mine and they would let her go.

-4-

Pg.2

Affidavit of Miguel Angel Pina Barrientos

Pg.2

**Affidavit of Miguel Angel Pina Barrientos**

After this, they searched Brandon's truck and found 3 pounds of marijaunia. They searched his apt. and found 16 more lbs, and a gun. They forced me to sign a paper supposedly a statement saying I claimed the drugs, and they released her. They gave her my vehicle, my personal property, my money, jewelry, and cell phone and booked me in Mobile County Jail. I was never advised that I could contact the Mexican Counsel. There was 'No' interpreter. The next event was a "plea agreement" which was a 10 yr. split 3 yr. sentence for an offense that I'm not guilty of.

My Commission Expires on: 12-15-2009
Notary: Cynthia M. Porter

Sworn to and subscribed before me on this date. December 20, 2007

#245143
Miguel Angel Pina Barrientos
_____ 245143
petitioner
P.O. Box 150 Mt. Meigs Ala.
36057

I affirm the preceeding to be true and correct to best of my knowledge.

-5-

Page# (5A)
Case 2:08-cv-00009-WKW-CSC   Document 1-2   Filed 01/03/2008   Page 6 of 9
Affidavit of Miguel Angel Piña Barrientos - over age 19 years.

En la noche del 21 de Diciembre yo y mi esposa fuimos a Mobile a recoger un checke que una compania me denia y al regresar ibamos a comprar regalos de Navidad. Y contacte a un amigo que yo habia conocido en mi tiempo en Mobil un muchacho que se llama Brandon Copez. Pues el no debia un dinero que le habia prestado una noche. Y me pregunto donde estaba y le dije que estaba en el Pueblo de Mobil y el me dijo que le hablara y el iba para donde estabamos. Y decidi rentar un cuarto pues era noche y la compania estaba cerrada. Llegamos al Motel 6 y al estar esperando que me dieran la llaves, un hombre afroAmericano me ofrecio drogas y le dije que no despues sigio insistiendo y me fui al cuarto. Despues Brandon llego pues yo le hable y el vino me dio el dinero y hablo con los hombres me preguntaron algo a mi y como no les entendi me fui y lo deje a el alli y le dije a mi esposa que nos fueramos. al irnos mire la troca de Brandon y me acerque para despedirme de el y me asome y el hombre le dio dinero y el le dio una mochila y me trate de ir pero de repente llegaron policias y me esposaron y tambien a mi esposa y me hicieron preguntas que no entendi bien pero me dijieron que si no aceptaba los cargos, le iban a poner cargos a ella, y que iba a perder su trabajo y su carrera. pero que si yo decia que todo era mio y que yo lo traje de Tx. la soltaban y le daban mi dinero y mi cellular y la troca. Y les dije que si y la dejaron ir. A mi me dieron 10/3 Años. Y a los

otros muchachos no nos dieron nada y no tuve contacto con el trópico. nunca me dieron la oportunidad de defenderme ni me comunicaron con mi país.

## Relief Sought

Petitioner envokes the authority of this Honorable U.S. District Court to Grant Relief of unlawful incarceration by issuing the Writ of Habeas Corpus pursuant 28, U.S.C. The Petitioner request this Court to notify the INS and appropriate authorities whereby, legal proceedings of deportation may take place. Furthermore, to Grant Habeas Corpus relief of transferring from Alabama Dept. of Corrections custody to the authorized Federal facility for transfer and deportation back to Mexico. Petitioner has a wife and children whom need him for support and stability. Voluntary Deportation should be within the realm of jurisdiction and the suspension of the remainder of this "illegal sentence" is in order.

In the alternative to set a date for Evidentiary Hearing whereby, the Petitioner may be also appointed bilingual counsel to prove the actual innocence of a Mexican Citizen whom came to Mobile to pickup money owed him for clean-up work from Hurricane Relief (Ivan). The Court may overturn or suspend sentence and issue Order of Release in which case the Petitioner will be more than capable of arranging transportation to Mexico.

## Certificate of Service

I certify that I have on this date served a True and same copy of the foregoing upon the Clerk, United States District Court by placing in U.S. Mail postage paid.

Office of The Clerk,
United States District Court
For The Middle District of Alabama
P.O. Box 711
Montgomery, Ala.

Pursuant 28 U.S.C and penalty of perjury, I affirm the foregoing to be true and correct

12-15-2009

My Commission Expires on:
Notary:

I hereby attest the above named appeared before me on this date. Sworn to and subscribed before me on this date.

#245743
Miguel Angel Piña Barrientos
P.O. Box 150
Kilby C.F. Faith Dorm I-B-3
Mt. Meigs, Ala. 36057

-7-